BY THE COURT.
The evidence offered is intended to affect Snyder, whose name does not appear on that note. To make the evidence effectual against him, some proof will be necessary to show that Snyder was a member of the firm of Kensell & Co. The order of the evidence is of little consequence.
The plaintiff then read an entry in the books of the commissioner of insolvents, on the application of the defendant, Snyder, to be discharged from arrest, in which the note in contest is described [481 in the schedule of the debts due from Kensell & Co., “of which I am a partner.”
BY THE COURT. The endorsement is not the act of James, but of the clerk, and will not bind James unless he authorized it.
The precipe was then produced, from which it appeared James had ordered the endorsement; and James, on his voir dire, stated that he intended to bind himself for the costs, and held himself as bound.
BY THE COURT. The witness is incompetent.
*494 THE COURT, to the jury. It is urged that you must have strict proof that the plaintiffs are the endorsers of the note, the same Clark and Cook named in the endorsement. A note to the case in the 3 Camp. 239, is relied upon as authority for this assumption. The case decides that an endorsement in blank, authorizes any who unite in the suit to recover. The note asserts that where the endorsement is special to a firm, proof is required that' the firm consists of the persons who sue. This does not change the common rule; a jury is to be satisfied by the proof of the plaintiff’s right to recover, and no more strict proof is required of the partnership of the plaintiffs than of any other essential fact. The possession of the note, when endorsed to them by name, with slight circumstances, will be sufficient prima facie.
Verdict and judgment for the plaintiffs.