## Henry *against* The Pittsburgh and Allegheny Bridge Company.

8ws 85
195 104
8 WS  85
22 SC  297

Neither the State nor a person, artificial or natural, acting by its authority, under a law which the Legislature is competent to make, is answerable for consequential damages, occasioned by the construction of a highway, further than is specially provided by the law itself.

ERROR to the District Court of *Allegheny* county.

This was an action on the case by Helena Henry and others, heirs-at-law of David Henry, deceased, by their guardian, Robert H. Patterson, against the President and Managers of the Pittsburgh and Allegheny Bridge Company, in which the plaintiffs declared for an injury done to the value of their freehold by reason of the filling up of a certain street in the city of Pittsburgh, which was occasioned by the construction of a bridge by the defendants across the Allegheny River: the plaintiffs also declared for an injury done to their freehold by the wilful negligence of the defendants in conducting their work in the erection of the said bridge.

On the 16th June 1836 an Act of Assembly was passed, incorporating the defendants for the purpose of erecting a bridge across the Allegheny river, from the end of Hand street. On the 5th September 1837, an ordinance of the city of Pittsburgh was passed directing the location of the abutments of the bridge, and to accommodate the street to the use of the bridge. In pursuance of this authority, the Bridge Company altered the street by filling it up to the height and grade thus fixed, and in consequence thereof the street was raised twelve feet higher, and so as to be entirely above the level of the doors of the plaintiffs' houses.

On the trial in the court below, two points were raised. Are the defendants liable at all for an incidental injury to the plaintiff's property, occasioned by the just exercise of the powers and rights conferred upon them by their Act of incorporation? Are

they liable for an injury to the plaintiffs' property, occasioned by negligence or want of proper care and caution during the progress of their work, whereby the water was turned upon the plaintiffs' houses without any proper provision for its escape into the river?

GRIER, President, reserving these points, instructed the jury that if they believed the plaintiffs had sustained damage to their estate, they should ascertain and fix the amount, distinguishing between the permanent injury done and that which was but incidental.

The jury found a verdict for the plaintiffs for $224 damages, $50 of which was occasioned by the negligence of the defendants.

After argument of the reserved points, the court below was of opinion that the plaintiffs were not entitled to recover upon the first count of their declaration, and therefore entered a judgment for the plaintiffs for $50.

*Shaler* and *M'Candless*, for plaintiff in error, after referring to the several Acts of Assembly, cited 9 *Watts* 382; 25 *Wend.* 462; 3 *Hill* 567; 1 *Binn.* 352, 450.

*Hamilton* and *Dunlop*, contra, cited 1 *Pich.* 417; 6 *Wheat.* 593; 7 *Watts* 460; 8 *Watts* 218; 4 *Term Rep.* 794; 2 *Watts* 327; 6 *Whart.* 44; 7 *Pick.* 344; 17 *John.* 98; 19 *Johns.* 181, 226.

PER CURIAM.—The principle of this case was settled in the *Monongahela Navigation Company* v. *Coons*, (6 *Watts & Serg.* 101), in which it was held that neither the State nor a person, artificial or natural, acting by its authority or command, under a law which the legislature is competent to make, is answerable for consequential damages occasioned by the construction of a highway, further than happens to be specially provided. This bridge is as much a highway as a rail-road or a turnpike road is a highway; and the Company acted, in constructing it, strictly within the bounds of the public franchise delegated to it by its charter. The bridge was thrown across a navigable stream, from the terminus of one highway to that of another, without encroaching on the plaintiffs' soil, or invading their dominion. Not a shovel-full of earth was taken from it, or thrown upon it. There stands their property, within its proper limits, as it stood before; and the substance of the thing complained of, would, if done without authority, be a nuisance and the substance of an action on the case. The plaintiffs counted, that the defendants " placed large quantities of sand, clay, gravel, dirt, rubbish, stones, logs, and sticks, upon said street," by which the plaintiffs were hindered in passing to and from their messuages and lot, and the facts are conceded; but no more was done than to raise the surface of the street to a level with the floor of the bridge, without which the work could

[Henry v. The Pittsburgh and Allegheny Bridge Company.]

not have been accomplished, and the defendants, therefore, had the authority of the State for it by necessary and irresistible implication. It is useless to inquire how far it derived authority from the ordinances or permission of the City Councils. According to the Case of the *Philadelphia and Trenton Rail-road Company*, (6 *Whart.* 43), in which it was held that the State, or a company authorized by charter, may take the property of a street without compensation to the corporate government of the town or individuals residing in it. The plaintiffs recovered, doubtless rightfully, for turning the water on their ground ; for the authority of the State cannot be implied for negligence or a gratuitous injury ; but for unavoidable damage in the accomplishment of the object, the defendants are not liable.

Judgment affirmed.