# The New York and Erie Railroad Co. *versus* Young.

A railroad company is not liable for consequential damages occasioned by the location and construction of their road, unless made so expressly by Act of Assembly.

A foreign railroad company, authorized by Act of Assembly, to construct a portion of its road through the state, is entitled to the same rights and privileges as a Pennsylvania corporation.

The right to erect a mill-dam in a navigable stream, given by the Act of 23d March 1803, is but a license, subject to be revoked, whenever the paramount interests of the public shall require it.

An injury to such right, occasioned by the construction of a railroad, under authority of law, is not one for which the railroad company is liable to make compensation in damages.

It would be error to leave it as a question of fact to the jury, whether the company could, without unreasonable expense, or undue injury to the road, have so changed the site of it, as to avoid having caused the damage complained of.

The company alone are intrusted with the location of their road, subject to the liability imposed on them, by law, for the damages thereby occasioned.

ERROR to the Common Pleas of *Susquehanna county.*

This was an action on the case by Elias T. Young against The New York and Erie Railroad Company, to recover damages arising from the construction of the defendants' railroad, along the bank of the Susquehanna river.

Under the Act of 23d March 1803 (*Brightly's Purd.* 599), the grantor of the plaintiff had erected a dam across the Susquehanna river, below where the alleged injury took place, for the purposes of his mill. And the injury complained of was caused by throwing dirt over the bank of the river, so as to make an embankment along the shore; and by carrying out the bank at one place, where there was a natural projection, called "the point," so as to divert a portion of the water from the plaintiff's mill, and fill up the channel to the same.

The defendants were authorized by the Act 16th February 1841 (*Pamph. L.* 28), to extend their road through such portion of the county of Susquehanna as, in the proper construction of their road, they might find it necessary. And in pursuance of the authority given them, they procured a conveyance of the right of way, through the mill lot of the plaintiff; and the conveyance of all the land along where the injury complained of was done, from other persons, and the right of way through the same.

A high bluff came down to the river along where the injury complained of was committed. The railroad was cut into the bluff, along the shore of the river; and it became necessary, for its protection, to carry out an embankment some feet into the river, along this bluff. The plaintiff was not the owner of the land

[The New York and Erie Railroad Company *v.* Young.]

at this point, but his mill was situated about 150 rods below, on the same side of the river.

The court below (Bullock, P. J.), in answer to points presented by the defendants' counsel, instructed the jury as follows :—

" In this case the plaintiff brings suit to recover consequential damages, for injuries .which he says he has sustained by the defendants having obstructed the course or channel of the water running to his mill, and thereby diminishing his supply of water and injuring the mill privilege. It appears from undisputed testimony, that prior to 1813, a man by the name of Buck, erected a mill and built a dam from the main land to Buck's Island, as it was called; which mill and dam have been kept by said Buck and those claiming under him to the time of bringing this suit. That the defendants are a corporation created by statute of the state of New York, and coming into this state by virtue of an Act of Assembly of this state, passed in 1841, by which act they were authorized to make and construct a portion of their road within the county of Susquehanna, in the manner mentioned in said Act of Assembly. It is alleged, that in the making, construction, and keeping in repair of this road by the defendants, the injury complained of was committed. The evidence in relation to this injury, has occupied much time, and in calling it to your minds somewhat in detail (as is here done), you will judge how far any damage has resulted to plaintiff, consequential upon acts done by defendants, as alleged by him. The witnesses differ considerably in their statements of existing facts, and it is for you to determine, from the whole evidence, whether any damage has been sustained by the plaintiff. An important question here arises, upon matters of law connected with the case. We are all bound by the laws as construed by our courts of the dernier ressort; and whatever our feelings and sympathies may be in a case, they must be controlled by the decisions of the Supreme Court. Several propositions have been submitted by the counsel for the defendants, on which we are requested to give you our opinions and directions, in the order in which they are presented to us.

"1. We are requested to give you in charge—'That no title having been shown out of the Commonwealth, to the lands adjoining the dam and saw-mill of the plaintiff on the Susquehanna river, he is not the owner of said lands so as to authorize the erection of said dam; and said dam is such a nuisance as that plaintiff cannot recover for any injury to the same, for consequential damages arising from the acts of defendants, above the dam and along the bank of the river.'

" This being submitted to us as matter of law, we say to you as our opinion by which you are to be governed, until such opinion is reversed by a higher court, that from the long-continued and undisputed possession of this mill privilege and the grounds there-

[The New York and Erie Railroad Company *v*. Young.]

with connected, by the plaintiff, and those under whom he claims, and the dam having been erected more than forty years ago, as appears by the testimony, we think the dam, and the erection of the same, cannot, in any point of view, be considered such a nuisance as to prevent a recovery in this suit, notwithstanding no title has been shown out of the Commonwealth, if the evidence otherwise warrants a recovery.

"2. We are further requested to give you in charge—'That the defendants, by their charter, had full power to extend their road through any portion of the county of Susquehanna they might find necessary in its proper construction, and for any consequential damages arising from the proper construction, are not responsible to the plaintiff.'

"To this we reply, and give you as the law in the case, that the New York and Erie Railroad Company were authorized by the Act of 1841 to make their railroad, or a portion of the same, in Susquehanna county, and are not liable for consequential damages arising or resulting to the plaintiff while acting in pursuance of the rights and privileges given by said act; and that if, from the necessity of the case, consequential damages resulted or happened to the plaintiff, or to any individual, the company will not be liable for the same. Such is the decision of our Supreme Court, as found in 6 *W. & S.*, pages 101–112, and to which we must conform. If they have gone beyond the rights granted them by the act in question, then they are liable. To illustrate—If it had become necessary in making the road to interrupt and turn the course of some small stream of water, which supplied a large tannery, by which said tannery was rendered of no value, yet no damage could be recovered of the company, for the act authorizing the making of the road protects them from such unavoidable consequences. If, on the other hand, the company could, by incurring additional expenses to a reasonable amount, have made the road without obstructing said stream, they would be liable for the damage sustained.

"3. We are requested further to give you in charge—'That, as the acts complained of were all done in the prosecution of the rights and the exercise of the powers conferred by the statutes of this state upon the defendants, the plaintiff is not entitled to recover.'

"To this we answer and say, that it is for the jury, and not for the court, to decide whether the company, in making the road as complained of by the plaintiff, did go beyond the rights granted them by the legislature.

"4. We are also requested to give you in charge—'That if the plaintiff, or those under whom he claims, were or had been the owners of the lands adjoining the dam at the saw-mill, still the right to erect the dam, under the provisions of the Act of 1803,

[The New York and Erie Railroad Company *v.* Young.]

gave no power or control of the waters of the Susquehanna which the state might not at any time annul, or revoke, or grant to others; and that the grant by the state to the defendants, fully justifies them in all they did in the construction of their road, upon the plaintiff's own evidence, and that he is not entitled to recover.'

" To this we say, that the state, as appears by the decisions read, had the full right to revoke or annul any privileges given to the plaintiff, or those under whom he claims, by the Act of 1803; that the defendants had the full right to make said road as provided in the Act of 1841; and if the jury believe the company did not, in making said road, transcend those rights so given, the plaintiff cannot recover. Thus, if the jury believe that damage has been sustained by the plaintiff, by reason of the embankments having been extended into the river, or the natural channel been obstructed by the acts of the defendants, so as to diminish the supply of water for the mill by changing the current of water running to the mill, or otherwise, and that the defendants might, by incurring reasonable expense, have made and constructed the road further back, or have deposited the dirt in constructing the road, or in removing the same from the slides, in some other place, so as to have avoided causing the obstructions and injury to the plaintiff complained of, then the plaintiff would be entitled to recover; otherwise, he would not be so entitled; and in reference to reasonable expenses so to be incurred, we would say, that it could not be expected that defendants would have to call into requisition an immense amount of wealth to have changed the location of the track, or to avoid making the obstructions (if any), but it means exactly a reasonable and rational expenditure to surmount the obstacles presented. The jury have heard the testimony of several witnesses upon this point, and their statements as to the effects and expense of cutting further back into the hill, and the situation of the travelled road not far up the hill, and the rise of ground beyond that, as detailed in the evidence, and will decide on this point as they think the evidence may warrant.

" 5. We are requested to charge you,—' That all the acts proven by the plaintiff to have been done by the defendants, were within the powers conferred by the legislature, and for them the defendants are not responsible to the plaintiff.'

" To this we answer and repeat, ' that it is for the jury, and not for the court, to decide whether the acts done by the defendants, were within the powers conferred by the legislature.' They have heard the law read; they are to judge from the facts, whether the defendants have done anything in contravention of or beyond the rights granted by that law.

" 6. We are requested lastly to give you in charge,—' That the only responsibility for damages to which the defendants were liable for acts done by them in constructing their road, are those

[The New York and Erie Railroad Company v. Young.]

mentioned by the statutes; and they are not in any case liable for consequential damages.'

" To this we again say, that the company are not liable for consequential damages arising from acts done in making the road, if they could not, without unreasonable expense to the company or undue injury to the road, have so changed the site of the same as to avoid having caused such damages, and that is matter of fact for the jury.

" The counsel who just addressed you on the part of the defence requested us to charge you, as matter of law, that if the plaintiff can recover anything, it can only be for injuries sustained within six years prior to the commencement of this suit, which was commenced on the 7th July 1855. We think this is correct, and that the plaintiff is entitled to the actual damage he has sustained in the premises, between the 7th of July 1849 and the 7th of July 1855, if you think the evidence, under the law as laid down to you, will entitle him to a recovery. A deed, or rather the record of a deed, has been given in evidence, of a sale of this mill property, made by the plaintiff, about the date of bringing this suit, for the sum as expressed in the deed of $20,000; and this was urged as going to show he has sustained no loss, it being for a far greater sum than some of the witnesses estimated the value of the property. This may be some evidence, or have some bearing to that effect, but very small or faint on that point. The consideration named in the deed very frequently is but a small index of the actual sale, or the real value for which the property sold. It may have been an exchange, or perhaps no pay received, or it may be for the full amount expressed, but it is entitled to only slight consideration in making any estimated value of the property. The true question is, whether the defendants had made themselves liable, in view of the instructions here given you, and from the evidence in the case; and if so, then the injury actually sustained by the plaintiff to the bringing this suit, should be the measure of your verdict; and if not, then should it be for defendants."

To this charge the defendants excepted; and a verdict and judgment having been given for the plaintiff for $1400, they removed the cause to this court, and here assigned the same for error.

*W. & W. H. Jessup*, for the plaintiffs in error, cited *Redfield on Railways* 156; *Sedgwick on Dam.* 110; Hatch v. Vermont Central Railroad Co., 25 *Verm.* 49; Panton v. Holland, 17 *Johns.* 99; Shrunk v. Schuylkill Navigation Co., 14 *S. & R.* 71; Commonwealth v. Fisher, 1 *Penn. R.* 467; Philadelphia and Trenton Railroad Co., 6 *Wh.* 45; Monongahela Navigation Co. v. Coons, 6 *W. & S.* 114; Susquehanna Canal Company v. Wright, 9 *Id.* 9; Lansing v. Smith, 8 *Cow.* 146; McKinney v. Monongahela

[The New York and Erie Railroad Company *v.* Young.]

Navigation Co., 2 *Harris* 66 ; Rundle *v.* Delaware and Raritan Canal Co., 14 *How.* 80.

*Little & Bentley*, for the defendant in error, cited *Redfield on Railways* 156, 161, 170; Monongahela Navigation Co. *v.* Coons, 6 *W. & S.* 116 ; Commonwealth *v.* Erie and North-East Railroad Co., 3 *Casey* 339, 351.

The opinion of the court was delivered by

THOMPSON, J.—There are several matters in this case undisputed, and others so fully settled by the decisions of this and other courts as to leave little room for controversy, and being material to a correct disposition of the case, may as well be stated in the outset.

1. The plaintiffs in error and defendants below, were, by the Act of 16th February 1841, under restrictions therein contained, authorized to construct their road with a single or double track, through the county of Susquehanna, " by such route as they shall deem expedient for the extension or continuation of their said road," &c., with the right to enter upon and take such land and materials as might be necessary in constructing the same, paying the owners of such land and materials so taken, and in case of inability to agree as to the damage to the owners, then the same to be estimated by a jury of six disinterested men. There are two or three supplements to this act, but they are not material in this case.

2. For the purposes of this case, the rights involved are to be tested and judged by the same rules of law as if the company had been primarily incorporated by this Commonwealth.  So far as the road runs through this state under the privileges granted by it, the company is *quasi* a Pennsylvania corporation.  The right of eminent domain, within the restrictions of the grant, was as fully conferred on them by the Act of 16th February 1841, as it ever is conferred on corporations exclusively within the state ; and their rights and duties under the privileges granted must be ruled by the same principles.

3. The injury complained of by the plaintiff below, was not for a taking of his property for the construction of the defendants' road, but for a consequential injury to it, resulting from the location and construction of the road ; and which ensued, not from any wanton disregard of his rights, or negligence in doing their work, but from the location and construction alone.

4. It has been held by this court in the Monongahela Navigation Company *v.* Coons, 6 *W. & S.* 101; The Susquehanna Canal Company *v.* Wright, 9 *W. & S.* 9 ; McKinney *v.* Monongahela Navigation Company, 6 *Harris* 65; Shrunk *v.* Schuylkill Navigation Company, 14 *S. & R.* 71 ; The Philadelphia and Trenton

` [The New York and Erie Railroad Company v. Young.]

Railroad, 6 *Whart.* 45; and Rundle v. The Delaware and Raritan Canal Company, 14 *Howard* 80, that the grantees of such a franchise have the same power that existed in the state, and may exercise it, subject only to such restrictions as are imposed in the grant, and that they are subject only to the same liability unless otherwise declared. Such grants are always supposed to be for the public benefit, and to be exercised with that view by the corporation rather than by the state itself. In the cases cited, the doctrine has been distinctly held, and is the settled law of the land, if anything can be settled, that unless the act of incorporation provides for it, consequential damages are not recoverable from a railroad or other improvement company in constructing or maintaining their works. Thus applying the same rule to them as was held applicable to the Commonwealth itself : Commonwealth v. Fisher, 1 *Penn. R.* 467. That the legislature may direct otherwise, nobody doubts; but the liability does not exist unless it is expressed. The Act of Assembly does not require the company to pay consequential damages, and none were recoverable from them.

5. The right of the plaintiff to build and maintain his dam in the Susquehanna river exists by virtue of the provisions of the Act of 1803, called The Mill-dam Act. It is but a license, as was held in the case of The Susquehanna Canal Company v. Wright, 9 *W. & S.* 9, " which the state had power to revoke" whenever the paramount interest of the public should require it." And in discussing the principle, GIBSON, C. J., says, " in this respect, a grant by a public agent of limited powers, and bound not to throw away the interests confided to it, is different from a grant by an individual who is master of the subject. To revoke the latter, after an expenditure in the prosecution of it, would be a fraud; but he who accepts a license from the legislature, knowing that he is dealing with an agent bound by duty not to impair a public right, does so at his risk, and a voluntary expenditure on the foot of it gives him no claim for compensation." To the same point is the Monongahela Navigation Company v. Coons, *supra.* The grant to the Company, if it conflicted in any way with the license under which the plaintiff claimed, and impaired it for the public benefit, was but a realization of the contingency upon which it had been granted. That it was for the public benefit we are bound to presume—neither want of wisdom, care, or consideration can be judicially imputed to the law-making or sovereign power of the Commonwealth. The plaintiff, therefore, and even under a much larger responsibility than the Act of Assembly imposed, as against a grant which we must presume was based upon the paramount interests of the public, was not entitled to be compensated for the alleged injury to his mill privilege ; and such was the decision in The Susque-

hanna Canal Company *v.* Wright, in which damages for injury to him were required to be paid, but were not; injury to such a privilege not being held to be within the agreement of compensation. Such also is the principle of the case of The Philadelphia and Trenton Railroad Company, 6 *Whart.* 45; Troy and Boston Railway *v.* Northern Turnpike, 11 *Barb.* 100; Henry *v.* Pittsburgh and Allegheny Bridge Company, 8 *W. & S.* 85.

These several matters of law and fact are sufficient, we think, to show that the plaintiff had not the right to recover; because the company were not required to pay consequential damages, and because the plaintiff had no title to compensation arising out of the alleged interference with the river to the prejudice of his mills.

The learned judge of the Common Pleas, however, thought differently, and left the question of the plaintiff's right to recover to depend upon the question whether the company by a reasonable expenditure of money might not "have so changed the site" of their road, " as to avoid having caused such damage." It is difficult to imagine a case, in the absence of some legislation directing it, that could require such a duty to be performed by a jury. The duty to be executed involved the question of location, not only at the point in question, but in the effect such a change would have on the grade of the road—and would also require the highest exercise of scientific skill and investigation. Nor would this be all. A reasonable expenditure of money is but a comparative matter, depending on many things—amongst them, ability of the company and the value of the enterprise; and this door once opened, the issue would be in fact made to depend on matters beyond and outside of the case, involving questions of fact no way connected with the issue trying. The company alone were intrusted with the right of location; their interest being the surest guaranty that the best and cheapest location, and that doing the least damage, would be selected. In this, their right cannot be questioned, in a controversy in regard to damages.

We think this portion of the charge was the radical error in the case, for it included in it, an affirmance of the doctrine, that the defendant was liable for consequential damages to the plaintiff, resulting from the construction and maintenance of their road; and that the plaintiff had a right to claim damages of the grantees of the state for infringing or interfering with his privilege, in constructing their road; as well as the inherent error in the matter last noticed, in regard to the reasonable expenditure by the company to avoid injury. We have shown that both these positions are wrong.

We have determined only the case before us, and it touches not cases of wanton or wilful injury, or negligence in doing the work. Nothing of the kind appears in the case. For the reasons given, the judgment must be reversed.

Judgment reversed, and *venire de novo* awarded.