# Snyder *versus* The Pennsylvania Railroad Company.

1. The Pennsylvania Railroad Company removed their track in a public street nearer to a landholder's lot, but within the limits of the street. This was not taking his land within the meaning of the Constitution, although his line may have been the middle of the street.

2. The street belonged to the public for purposes of travel, &c., and they had a right for their own convenience to remove, to another part of the street, rails which had been lawfully laid.

3. The railroad company, acting by public authority, had the right to do the same, and bringing the rails nearer the lot was *damnum absque injuria*.

4. This was not an entry that would be a trespass at common law, and the

[Snyder v. Pennsylvania Railroad Co.]

Acts of Assembly cannot embrace it, as their design was to provide for nothing that was not remedial at common law.

5. The Pennsylvania Railroad Company, as regards the assessment of damages, is not subject to the Act of February 19th 1849.

6. To entitle an owner of the soil to damages for a change by public authority of a highway across his land from one kind of passage to another, he must ground his claim on an Act of Assembly.

May 18th 1867.    Before WOODWARD, C. J., THOMPSON and AGNEW, JJ.    STRONG and READ, JJ., absent.

Certiorari to the Court of Common Pleas of *Lancaster county*.

Jacob S. Snyder petitioned the Court of Common Pleas, setting forth :—

" That he is the owner of a property or lot of ground, with buildings erected thereon, situated in the town of Columbia, and fronting on Front street.

" That the Pennsylvania Railroad Company have constructed a railroad over and through said property or lot of ground, and that in the construction of said railroad, they have occupied the pavement and public street in front of said property or lot of ground," and prayed for viewers to assess the damages he had sustained thereby.

Viewers were appointed, who reported that they " do hereby estimate and determine the quantity of the said land to be 176 square feet, and the quality to be limestone land, and the value thereof to be $200, as per draft hereto annexed.    And having a due regard to, and making just allowance for the advantages which seem likely to result to the said Jacob S. Snyder, or which may have resulted in consequence of the opening or making of said railroad, and of the construction of works connected therewith ; and that having made a fair and just comparison of the said advantages and disadvantages, they do hereby estimate and determine that the said petitioner has sustained damages to the amount of $1280, by reason of the taking and occupying of the land aforesaid, and of the construction of the railroad as aforesaid ; which sum of $1280 they do hereby award to the said Jacob S. Snyder."

The draft accompanying the report showed that the construction complained of was an alteration of the track of the railroad, and that in making it the company had kept it in the public street.

The company filed several exceptions to the report, the first of which was :—

1. The Pennsylvania Railroad Company have not " *constructed a railroad over and through*" the property of Jacob S. Snyder, as alleged in his petition filed, nor does the route of the railroad in the order of court mentioned " *pass through*" said petitioner's property as stated in the report of viewers—the true position of the railroad tracks laid down by the defendant, is shown by the

[Snyder *v.* Pennsylvania Railroad Co.]

plot or draft hereto annexed, and made part of these exceptions, the red lines showing the new tracks and the black dotted lines the old ones.

The court (Hayes, A. J.) set aside the report, saying in his opinion, amongst other things: "These exceptions, particularly the first, which is the ruling one, appear to be sustained."

Snyder appealed, assigning for error the setting aside of the report of the viewers.

*A. Herr Smith*, for appellant, cited Const. U. S., Art. 5th of the Amendments; Const. of Penna., § 4, Art. 7; Bell *v.* The Ohio and Penna. Railroad Co., 1 Grant 106; Chambers *v.* Furry, 1 Yeates 167; Cooper, &c., *v.* Smith, 9 S. & R. 31; 4 Bacon's Abridg. 668, 669; Lewis *v.* Jones, 1 Barr 336; Phila. and Trenton Railroad Co., 6 Wh. 45; 16 N. Y. Rep. 97; Springfield *v.* Connecticut River Railroad, 4 Cush. 63; 3 Metc. Rep. 380; Stevens *v.* Middlesex Canal, 12 Mass. 466; Stowell *v.* Flag, 11 Id. 364; Lebanon *v.* Olcot, 1 N. H. 339; Calking *v.* Baldwin, 4 Wend. 667; E. and W. Ind. and Bir. Railway *v.* Gattke, 3 E. L. & E. Rep. 59; Queen *v.* East. Counties Railway, 2 Ad. & E. 347, N. S.; Redfield on Railways, § 19, p. 173; Notes in 1 Am. Railway Cases 166, 167, 168, 169, 170 and 171; Zimmerman *v.* The Union Canal Co., 1 W. & S. 352; Watson *v.* Pittsburg and Con. Railroad Co., 1 Wright 480; Sunb. and E. Railroad Co. *v.* Hummell, 3 Casey 99; Acts of 1846, Pamph. L. 312, 1848, Pamph. L. 275, February 19th 1849, § 12, Purd. 840, pl. 17, Pamph. L. 83; Road in Kiskiminitas, 8 Casey; 9 East. Pa. Railroad *v.* Hottenstine, 11 Wright 30; Reitenbaugh *v.* Chester Valley Railroad, 9 Harris 100.

*H. M. North* and *G. R. Breneman*, for defendant in error, cited Philadelphia & Trenton Railroad Co., 6 Whart. 25; Navigation Co. *v.* Coons, 6 W. & S. 113; Henry *v.* The Bridge Co., 8 Id. 85; Watson *v.* P. & C. Railroad Co., 1 Wright 479; Stormfeltz *v.* The Manor Turnpike Co., 1 Harris 559; Drake *v.* The Hudson River Railroad Co., 7 Barb. 509; Hamilton *v.* N. Y. & H. Railroad Co., 9 Paige 171; L. & O. Railroad *v.* Applegate, 8 Dana 289; 7 Barb. 551; N. Y. & Erie Railroad Co. *v.* Young, 9 Casey 180; Mifflin *v.* Railroad Co., 4 Harris 182; Patton *v.* Northern Central Railway, 9 Casey 428; Zack *v.* Pennsylvania Railroad Co., 1 Id. 395; O'Hara *v.* Pennsylvania Railroad Co., Id. 445; Pennsylvania Railroad Co. *v.* Porter, 5 Id. 165.

The opinion of the court was delivered, November 7th 1867, by

WOODWARD, C. J.—If the insufficiency of the report of the viewers be overlooked, and we take the case, not merely as it appears of record, but as the appellant alleges it to be, it is evi-

[Snyder v. Pennsylvania Railroad Co.]

dent that what is complained of is the occupancy of a public street by the railroad company, and not the taking of any of the appellant's land within the meaning of the constitutional provision or of the Acts of Assembly incorporating the company. Whether Snyder's lot extended to the middle of Front street would depend upon his title-papers, which are not exhibited to us, but assuming that it does, it had long been subject to the servitude of a public street, and of a railroad in that street, built originally under the direct authority of the Commonwealth, for her own convenience and benefit. The state sold its railroad to the Pennsylvania Company, and without taking it out of the boundaries of the street, they have removed it nearer to without touching the appellant's lot. This is the gist of the complaint. For this he claimed and obtained an assessment of damages, which, however, the court set aside.

We think the court were right. Nothing was taken from the appellant of which he has a right to complain. The public, to whom the street belonged for purposes of travel and transportation, had a right, for their own convenience, to remove rails, which had been lawfully laid, to another part of the street.

I say the public had a right to do this, and because the railroad company acted by public authority, they had the same right, and if this exercise of a public right over a public highway brought the rails nearer to the complainant than was agreeable, it was *damnum absque injuria*. As it was not a taking of any of his property within the meaning of the acts of incorporation, so it was not such an entry as would be a trespass at common law, and therefore the Acts of Assembly cannot be extended to embrace it, for the legislature evidently meant to provide for nothing that was not remedial at common law: Zimmerman v. The Union Canal Co., 1 W. & S. 352; Watson v. Pittsburg & Connellsville Railroad Co., 1 Wright 480.

It was suggested in argument that the 10th section of the General Railroad Law of 1849 covers the case, but it is believed that the Pennsylvania Central Company is not subject to that act, but stands on its own acts of incorporation, which antedate the general law. If this be not so, the complainant did not bring his case within the provisions of the act, for he does not complain that the entry was made into lands adjoining or in the neighborhood of the road to take materials therefor, nor did he complain of damages by reason of any excavation or embankment made in the construction of the road. What he complained of was, that the company had constructed a railroad over and through his property and lot of ground, and that in the construction of said road they have occupied the pavement and public street in front of said lot of ground. There was some evidence that the new tracks had been raised 3 or 4 inches in the street, and that there was some filling done in

front of Snyder's property *by agreement with him*, but neither excavation nor filling was the *gravamen* of the complaint which he brought into court. His case, therefore, cannot be treated upon the Act of 1849, and we have already said that the acts of incorporation cannot be extended to embrace it, and without the sanction of an Act of Assembly such an injury as he complains of is not a subject-matter of damages. As was said of the lot-owner in the case of the Philadelphia and Trenton Railroad Co., 6 Wh. 45, "even agreeing that his ground extends to the middle of the street, the public have a right of way over it. Neither the part used for a street, nor the part occupied by himself is taken away from him ; and as it was dedicated to the public use without restriction, he is not within the benefit of the constitutional pro-hibition, which extends not to matters of mere annoyance. The injury of which he complains is not direct, but consequential :" see also Monongahela Navigation Co. *v.* Coons, 6 W. & S. 101; Henry *v.* Pittsburg and Allegheny Bridge Co., 8 W. & S. 85. In the late case of Harvey *v.* The Lackawanna and Bloomsburg Railroad Co., damages were denied to an owner of the soil over which a state road had been laid and used for many years as a public highway, but which the railroad company had appropriated for the bed of their railroad, to the injury of tramways which the owner had laid from his coal-mine across said highway to a public navigation.

To entitle an owner of the soil to damages for a change by public authority of a highway across his land from one kind of passage to another he must ground his claim in an Act of Assem-bly, and the appellant having failed to show any act that authorized the assessment of damages, the court were right in setting it aside.

The decree is affirmed.