## Allentown *versus* Kramer.

1. A municipal corporation has a right to raise its streets and bridge them in order to improve their usefulness.

2. When a municipality exercises its lawful authority derived from the state, it is not liable for collateral injuries from the exercise of its power.

3. For negligence in the construction or repair of public works (when repair is a duty), the corporation is responsible for special damage caused by its negligence.

March 21st 1873. Before READ, C. J., AGNEW, and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county :* No. 285, to January Term 1873.

This was an action on the case by J. A. Kramer against the city of Allentown, for damages to his property from the overflow of the water from the streets of the city, occasioned by the construction of a bridge or culvert across Sixth street. It was tried December 16th 1872, before Longaker, P. J.

The plaintiff gave evidence that he owned a lot at the corner of Sixth and Linden streets, since April 3d 1866 when he bought it; his house was on Sixth street; the lot was low and he filled it up four or five feet; he got orders from the mayor to put up a

[Allentown *v.* Kramer.]

new curb, and put it up according to instructions in the fall of 1866 ; at the same time he laid a pavement, which was approved by the city engineer; about December 1870, Sixth street was macadamized, and the authorities of the city put bridges across the gutters; the bridges were made of iron and plank ; the bridge was not high enough to allow the water to pass through, the water soaked through the loose ground into plaintiff's cellar; this occurred frequently during the summers of 1870, 1871 and 1872 ; it tore open his sidewalk by reason of being forced back from the bridge; the water had never run into plaintiff's yard before the building of the bridge. The grade of the street had been altered by councils, and his curb lowered three inches at his request.

There was evidence by the defendant that the gutter complained of had the same capacity for passing the water as it had previously to constructing the bridge; they gave evidence also, for the purpose of showing that the defendant had contributed to the injury in the construction of his pavement, &c.

By the charter of the city of Allentown, the corporate authorities have power "To regulate roads, streets, lanes, alleys, courts, common sewers, public squares, common grounds, footwalks, pavements, gutters, culverts and drains, and the heights, grades, width, slopes and forms thereof, and they shall have all needful jurisdiction over the same."

The plaintiff's points which were affirmed were :—

1. If the jury believe that the bridge erected by the defendant on Sixth street is an obstruction to the flow of the waters which in ordinarily severe showers are conducted by the city through the gutter on the north side of Linden street and on Sixth street, and that by reason of such obstruction the waters are backed up Sixth street and turned over and upon the premises of the plaintiff, without any default or negligence on his part, the defendant is liable for the injury directly resulting to the plaintiff's property from such overflow. * * *

3. The city of Allentown has power by its charter "to cause common sewers, drains, &c., to be made in any part of the city." Although passing an ordinance for the construction of such a work is a judicial act for which the city is not liable, yet the doing of the work, in carrying it out, is ministerial, and it is their duty to see that it is carefully and skilfully done. If by the want of care or skill of its agents, this bridge or culvert was constructed of insufficient capacity or so as to obstruct the passage of the water, the city is liable to the plaintiff for the damages thereby occasioned.

The court charged: "You are instructed as a matter of law, that the city has the right to construct culverts where one street crosses another ; but while they have that right they must so use it as not to obstruct the flow of water which will usually flow there

[Allentown *v.* Kramer.]

in ordinarily severe showers. Great and extraordinary flows of water need not be provided for. Your inquiry then will be, has the culvert complained of been so constructed as to be an obstruction to the flow of water in ordinarily severe showers, and by means thereof, has the water been caused to flow in and upon the premises of the plaintiff? If you find this fact, and find the further fact that the plaintiff has in no way by his own negligence contributed to the damages complained of, he will be entitled to recover in this action. If you cannot so find, your verdict will be in favor of the defendant."

The verdict was for the plaintiff for $280. The defendant took out a writ of error and assigned for error the answers to the points and the charge of the court.

*H. C. Hunsberger*, for plaintiff in error, cited Green *v.* Reading, 9 Watts 385; Clarke *v.* Birmingham & Pittsburg Bridge Co., 5 Wright 158; Monongahela Nav. Co. *v.* Coon, 6 Barr 382; Same *v.* Same, 6 W. & S. 101; Grant *v.* Erie, 19 P. F. Smith 420; as to liability of a municipal corporation for consequential injuries from public improvements.

*R. E. Wright, Jr.* (with whom were *W. H. Sowden, G. B. Schall* and *R. E. Wright*).—A municipal corporation is liable for negligence in constructing improvements. Henry *v.* Pittsburg & Allegh. Bridge Co., 8 W. & S. 85; Carr *v.* N. Liberties, 11 Casey 324; Rochester White Lead Company *v.* City of Rochester, 3 N. Y. (3 Comst.) 463; Lloyd *v.* Mayor, &c., of N. Y., 5 N. Y. (1 Seld.) 369; Delmonico *v.* Mayor, &c., of N. Y., 1 Sandf. 282; Philadelphia *v.* Fox, 14 P. F. Smith 169.

The opinion of the court was delivered, May 17th 1873, by

AGNEW, J.—The question presented by this record is more limited than the range of the argument. It is true the evidence raised a question upon the power of the city of Allentown to grade, regulate and improve the streets; a power fully conferred by the charter of the city; but the court seems to have committed the case to the jury on the single question of a negligent and unskilful construction of the bridge over the gutter of Linden street. It appears that the plaintiff's lot lies low, and that at his own request the curbing along it was lowered three inches. Had the case been determined on these facts alone, there would have been error in the verdict; for the right of a city to raise its streets and to bridge them, in order to improve their public usefulness, is undoubted. A large number of cases support this position. Among them are the following: Green *v.* Borough of Reading, 9 Watts 382; The Mayor *v.* Randolph, 4 W. & S. 514; Henry *v.* Bridge Co., 8 W. & S. 85; Commissioners *v.* Wood, 10 Barr 93;

[Allentown *v.* Kramer.]

Phila. & Tren. R. R. Co., 6 Wharton 25 ; O'Connor *v.* Pittsburg, 6 Harris 107 ; Carr *v.* Northern Liberties, 11 Casey 324.   The principle at the bottom of these cases is, that when a municipality is in the lawful and proper exercise of the power of the state, such as in the improvement and regulation of a highway, under an authority conferred by law, it is not liable for the injuries which flow collaterally from the execution of the power.   Hence in this case, the plaintiff, whose lot lay below the grade of the street as improved under the ordinance of the councils, could not recover for the consequential injury arising from an increased flow of surface water caused thereby.   But the cases referred to, or some of them, state the distinction, upon which this case was submitted to the jury, and which has been sustained in many other cases, to wit : that for negligence, either in the construction or repair of public works (when repair is a duty) the corporation itself must respond in damages for a special injury caused by its negligence : *Supra,* 9 Watts 385, 386 ; 8 Id. 86, 87 ; 10 Barr 95, 96 ; 11 Casey 329.   And see Erie City *v.* Schwingle, 10 Harris 384 ; Humphreys *v.* Armstrong Co., 6 P. F. Smith 204 ; Pittsburg, Ft. Wayne & Chi. R. R. Co. *v.* Gilleland, Id. 445 ; Penn. & Ohio Canal Co. *v.* Graham, 13 P. F. Smith 290 ; Norristown *v.* Moyer, 17 Id. 355 ; Rapho *v.* Moore, 18 Id. 404. The single point submitted to the jury was, whether the culvert (or bridge) over the gutter in Linden street had been so constructed as to be an obstruction to the flow of water in ordinarily severe showers, and thus caused it to flow in and upon the plaintiff's premises ; with the instruction, that if they so found the fact, and that the plaintiff had in no way by his own negligence, contributed to his injury, he was entitled to recover.   In view of the points of the plaintiff, and in the absence of any request for instruction on part of the defendant below, it is evident this instruction of the court had reference to the negligence and want of proper care on the part of the city in the construction of the bridge, whereby it became an obstruction to the ordinary flow of the water.   The right of the city to raise the street and to construct the bridge as a necessary part of the improvement, does not appear to have been drawn into question.   The faulty and negligent construction of the bridge, making it an obstruction to the flow of the water in ordinary rains, was a proper ground of recovery.   If any other question was intended to be raised, it was the duty of the defendant to have asked for an instruction which would bring it before us.   Finding no error in the record, the judgment is affirmed.