## McCartney, Appellant, v. Philadelphia.

*Waters—Overflowing land—Defect in highway—Municipalities—Damages—Decrease in rental value—Expert testimony.*

In an action against a city to recover damages for injuries sustained to real estate by an overflow of water from a defective highway, the measure of damages is not the difference in value between the market value before and after the injuries sustained. Such damages must be established by evidence tending to show actual injury to the property, and a decrease in its rental value. The owner may recover for the damages actually done to his property, whether at the time of the trial it has been restored to its former condition or not.

. In such a case testimony which tends to show that witnesses produced by the owner are experts as to the value of real estate in the neighborhood is relevant, inasmuch as that knowledge qualifies them to give an opinion as to the decrease in the rental value.

Argued Oct. 17, 1902. Appeal, No. 126, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1901, No. 1851, on verdict for plaintiff, in case of Patrick J. McCartney and Sarah C. McCartney, his wife, v. City of Philadelphia. Before RICE, P. J., BEAVER, ORLADY and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for injuries to real estate caused

by an overflow of water from a defective highway.    Before
BREGY, J.

From the record it appeared that plaintiffs in their statement
of claim averred that by reason of the flow of the water their
premises were damaged in the sum of $500, and that by reason
of sickness caused by the flow of water each of the plaintiffs
were damaged in the sum of $2,000.

When Wilson Stearly was on the stand, he was asked this
question :

" Q. Are you familiar with the valuation of real estate in
Frankford ? "

Objection.    Objection sustained.    Exception. [1]

" Q. What is the market value of that house ? "

Objection.    Objection sustained.    Exception. [2]

" Q. What money damage, if any, has been done to the
premises by the action of the water flowing in from Torresdale
avenue into the cellar and elsewhere there as you have de-
scribed ? "

Objection.    Objection sustained.    Exception. [3]

" Q. Are you able from your knowledge of real estate in that
locality and the premises of plaintiffs to state what the rental
value of the plaintiffs' house has been and is during the last six
years ? "

Objection.    Objection sustained.    Exception. [5]

Mr. Eyre : I offer to show by Peter Hasson that he is an ex-
pert upon real estate values in the city of Philadelphia, includ-
ing Frankford, and the locality where the plaintiffs' premises
are situated, and I offer to show by this witness the deprecia-
tion in value to the plaintiffs' premises at and up to the time
of the bringing of this suit on October 12, 1901, and the loss
of rental value of said premises during the six years in which
this nuisance has existed.

Objection.    Objection sustained.    Exception. [7]

The court charged in part as follows :

[I might not give you any reason for excluding any portion
of the testimony, but probably it would be better that I should
briefly explain to you that I will eliminate everything from your
consideration excepting the sickness, because there is nothing
else that the plaintiff has suffered.    If they had drained their

property, if they had cemented the walls and papered the house, it would have been a proper element of damage, but they did not do that; and if they still do it, they can sue the city, and claim for that, because continuous suits can be brought.    They did not move away; they did not do anything that involved expenditure of any money.    If they had proved that, they would be entitled to recover, if the city is liable.    What they do claim is that they got sick, and therefore sickness is the only thing they are entitled to recover for if they suffered.] [8]

    Verdict and judgment for plaintiff for $450. Plaintiff appealed.

    *Errors assigned* were (1–3, 5, 7) rulings on evidence, quoting the bill of exceptions; (8) above instruction, quoting it.

    *Lincoln L. Eyre*, for appellant.—The learned trial judge was wholly wrong in the view he took of the rights of the plaintiffs as to the damages to the real estate: Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Ct. 631; Seely v. Alden, 61 Pa. 302; Gift v. City of Reading, 3 Pa. Superior Ct. 359; Lentz v. Carnegie Bros. & Co., 145 Pa. 612; Eshelman v. Martic Twp., 152 Pa. 68; Herbert v. Rainey, 162 Pa. 525.

    *Chester N. Farr, Jr.*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

    OPINION BY BEAVER, J., February 11, 1903:

    The plaintiff, having property upon Torresdale avenue, a public highway under the control of the defendant—which avenue had been widened by the said defendant—brought his action of trespass against the defendant for negligence, in " that the defendant, disregarding its said duty in the premises, permitted certain irregularities, depressions, holes and cavities to be and remain upon said highway upon the southerly side thereof immediately east of its intersection with said Bridge street and extending eastwardly for a space of not less than thirty feet to and immediately adjoining the northern wall of the above described premises, for a period of not less than four years, said holes, cavities and irregularities varying in depth from a few inches to not less than three feet, and thereby causing all water

flowing upon or coming to said portion of said highway to flow into said holes, cavities and irregularties and drain therein ; and the defendant further neglected to provide any drainage outlet for said water, so that said water thereby percolated, flowed and drained, during said period of four years, into, through and upon the premises of the plaintiffs into the cellar of the plaintiffs, thereby causing a loss or depreciation in the value of said premises of not less than $500," etc.

The plaintiff offered to show, in several forms, the damages which he had sustained by reason of the negligence of the defendant. All of his offers, embraced in seven different assignments of error, which were refused upon objection, related in some form or other to the damages sustained by the plaintiff by reason of the alleged negligence of the defendant.

So far as the offers related to the market value of the property and the difference in value between said market value before and after the injuries complained of, we think the testimony offered was properly excluded. This was not a case in which the property had been taken under the right of eminent domain by the defendant. In so far, however, as the testimony offered tended to show actual injury to the property and a decrease in its rental value, the testimony was competent and relevant and should have been received.

The offers which tended to show that the witnesses were experts in regard to the value of real estate in the neighborhood, were also relevant, inasmuch as that knowledge fitted them to give an opinion as to the decrease in the rental value.

In Eshleman v. Martic Twp., 152 Pa. 68, which was a case involving the recovery of damages for water flowing from a public highway, the same rule was laid down as in Robb v. Carnegie Bros. & Co., 145 Pa. 324, and Lentz v. Carnegie Bros. & Co., 145 Pa. 612, "that the true measure of damages is the cost of remedying the injury, unless that equals or exceeds the value of the thing injured, when such value becomes the measure." This case, however, did not involve the question of the loss of rental value and, as said in Clark v. Pennsylvania Railroad Co., 145 Pa. 438, which was an action to recover damages for the diversion of water by an upper riparian owner, " it was competent for the plaintiffs to introduce evidence to show any actual injury they suffered within the

period of the statute in the enjoyment of their land from the diversion of the water and, as a means of computation, they might show that the annual rental value of the land was from this .cause reduced, but the annual rental value of the mill site is necessarily speculative and, therefore, inadmissible." In that case, however, there was no mill and nothing to rent and, therefore, the rental value was purely imaginary.   In this case, however, the property had a distinct rental value.   In Helbling v. Allegheny Cemetery Co., 201 Pa. 171, which is more nearly similar to the present case, the rule laid down was : " As the injury to the plaintiff's house was not of a permanent character, the measure of damages was the cost of restoring the property to its former condition, together with compensation for the loss of its use."

It is evident, from the consideration of these and many similar authorities—including our own cases of Gift v. Reading, 3 Pa. Superior Ct. 359, and Hoffman v. Mill Creek Coal Co., 16 Pa. Superior Ct. 631,—that the testimony offered for the purpose of showing that the plaintiff's property had been actually damaged by the water flowing from Torresdale avenue and that the rental value of the premises had been affected by the action of the water so flowing, should have been received.   Whether or not the damages so suffered would have exceeded the value of the property was a subject for after-consideration.

It follows that the portion of the charge complained of in the eighth assignment of error is erroneous.   The trial judge said in his charge : " I might not give you any reason for excluding any portion of the testimony, but probably it would be better that I should briefly explain to you that I will eliminate everything from your consideration, except the sickness, because there is nothing else that the plaintiff has suffered.   If they had drained their property, if they had cemented the walls and papered the house, it would have been a proper element of damage, but they did not do that; and, if they still do it, they can sue the city and claim for it, because continuous suits can be brought. They did not move away, they did not do anything that involved expenditure of any money.   If they had proved that, they would be entitled to recover, if the city is liable.   What they do claim is that they got sick and, therefore, sickness is the only thing they are entitled to recover for, if they suffered."

As we have already shown, the plaintiff was entitled to recover for the damages actually done his property, whether it had been restored to its former condition or not. If the damages had been actually inflicted and could be measured by the dollar and cent standard, there was no reason why they could not have been recovered in this action as well as if the property had been restored to its former condition and the cost thereof given in evidence. It is the policy of the law to prevent, if possible, a multiplicity of suits and not to encourage them. The evidence having been excluded, there was, of course, nothing for the jury to consider, except the testimony which was before them in relation to the sickness of the plaintiff's family; but, as an abstract proposition of law, the doctrine laid down by the court in this portion of the charge is incorrect.

Judgment reversed and a new venire awarded.