# Edwards *v.* Williamsport, Appellant.

*Municipalities—Faulty construction of street—Injury to property—Negligence.*

If a city is guilty of a faulty construction of a street and gutter in front of an abutting owner's premises, or fails to keep the same in reasonable repair, and damage results to such owner, the city must respond in damages, if it had notice of the defect, or the defect existed so long as to amount to constructive notice, and the owner is free from contributory negligence.

Where a city uses as a support for a street, pavement and gutter, a wall belonging to an abutting owner, and by the faulty construction and negligent care of the pavement and gutter the wall is destroyed, and the owner's cellar wall and cellar damaged, without negligence on his part, a verdict and judgment for the owner will be sustained.

Argued Feb. 26, 1908. Appeal, No. 23, March T., 1907, by defendant, from judgment of C. P. Lycoming Co., March T., 1906, No. 582, on verdict for plaintiffs in case of Nicholas M. Edwards and Edward Carter Edwards v. City of Williamsport. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries to plaintiff's premises on West Third street in the city of Williamsport. Before OMEROD, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*Frank P. Cummings*, city solicitor, for appellant.

*Chas. J. Reilly*, for appellees.

OPINION BY MORRISON, J., April 20, 1908:

The appellant's counsel has not seen fit to furnish us with a copy of the plaintiff's declaration, and, therefore, we must gather from the evidence, arguments, etc., the nature of the plaintiff's claim. We understand it to be an action in trespass to recover damages for injuries to a stone wall erected and maintained in front of the plaintiff's property on a public street in the city of Williamsport, and to plaintiffs' cellar at that point; said damages alleged to have been caused by the negligence of the city authorities.

The learned counsel for the appellant, in his statement of questions involved, points and argument contends that the plaintiffs erected and maintained, in the public street, a vault. A careful examination of the evidence convinces us that the jury was fully warranted in finding against this contention. It is quite clear that the jury could find, from the evidence, that when the plaintiffs' building was constructed the foundation was built much higher than the street; that after constructing the cellar wall, the wall in question was constructed parallel with the cellar wall, about eight feet therefrom, and that this was done prior to 1856, and the wall was maintained thereafter until it was injured and partially destroyed by the flood of 1889, and the plaintiffs repaired it soon thereafter. The jury could also find that the space between the two walls was not filled up but always remained hollow. There is no evidence that there were any cross walls so as to form a vault.

It appears from the evidence that in improving the street in question, the city authorities filled the street against the

outer wall with ashes, tan-bark and other material, and then laid a brick pavement on said street and formed a gutter for the purpose of conducting the water for a considerable distance along said street, and in front of the plaintiffs' property. This gutter was nearly over the wall in question. Thus the city was using this wall as a support for the street filling and also for the brick pavement and gutter. It seems to be a conceded fact in the case that water was brought in front of the plaintiffs' property by the improvement of the street which would not have come there in the absence of the construction made by the city.

The theory on which the plaintiffs were allowed to recover was that for a number of years the city had been using the gutter along the surface of the street, next to the curb, as a part of its drainage and sewage system; that owing to the nature of the material used for filling the street, in front of plaintiffs' property, the pavement and gutter settled and became imperfect and allowed the water to leak through and injure and partially destroy the plaintiffs' wall, and also injured and dampened the plaintiffs' cellar wall and cellar. In short, the complaint is that the street and drain had been allowed by the defendant city to become so dilapidated and out of repair for many years, in front of the plaintiffs' property, that they were damaged and injured by the negligence of the city officials, without any negligence on the part of the plaintiffs.

In his charge to the jury the learned judge below said: "They, the plaintiffs, allege that by reason of the faulty construction of the highway on that side of the street, or by failure of the city to keep the surface in repair so that it properly sheds the water that runs upon the street, they have received certain damages, which they allege were caused by the negligence of the city." There was sufficient evidence from which the jury could find that the wall was not an unlawful structure; that it was properly constructed; that it was the duty of the plaintiffs to maintain it and that through the negligence of the city officials it was seriously damaged, and other injuries done to the plaintiffs' property, and that they were not guilty of contributory negligence.

The zealous counsel for the appellant presented eighteen points at the trial and in our opinion they were all properly answered. We have carefully considered the evidence and the charge of the court and think the case was well tried. The learned counsel has presented for our consideration thirteen assignments of error, and he has argued the same with much force, but we are not convinced that there is reversible error raised by any or all of them. Certain of the counsel's points, as we understand them, asked the court to instruct the jury that it was the duty of the plaintiffs to construct and repair the wall in question, but by other points, he requested the court to say to the jury that the plaintiffs had no right to erect and maintain the wall. His eighth point reads: "The proximate cause of the injury complained of was the unauthorized construction of a defective sustaining wall and the maintenance of a vault under the sidewalk by the plaintiff." Tenth point: "The primary duty of constructing and keeping in repair the sidewalk and curbing rests upon the abutting owner, and in this case the extent of the sidewalk is from the building line to the curb." Eleventh point: "The duty of constructing the sidewalk and curb and keeping the same in repair, in this case included the supporting or sustaining wall in question." Now, the jury must have found that the filling of the street and the construction of the pavement and drainage gutter were imperfectly and negligently done, or else the city officials were guilty of negligence in not keeping the same in repair, and that the plaintiffs were damaged by the water leaking through the defective pavement and gutter. The logic of the counsel's argument seems to be that the burden rested on the plaintiffs of constructing and maintaining the wall in question. He concedes that the city used it as a support for the street pavement and gutter, and yet he argues that it was unauthorized, and then asked the court to say to the jury that it was the duty of the plaintiffs to construct the sidewalk and curb and keep the same in repair and also the supporting or sustaining wall in question. And he now argues to us that even if the faulty construction of the pavement and gutter and the collection of surface water at that point destroyed this wall, through the

negligence of the city, yet the plaintiffs cannot recover any damages. We cannot agree with this argument. If it was the duty of the plaintiffs to construct and maintain the wall, and the city used it as a support for its street, pavement and gutter, and by the faulty construction and negligent care of the latter the wall was destroyed and the plaintiffs' cellar wall and cellar damaged, without negligence on their part, we think the learned court was right in permitting the jury to assess the damages caused by this negligence of the city.

The learned court carefully submitted to the jury the questions of fact and the questions of negligence and contributory negligence. We regard the charge as impartial and adequate.

The plaintiffs were not allowed to recover because the city raised the grade of the street, constructed a pavement and gutter and generally changed the condition of things in front of the plaintiffs' property. But the recovery was allowed on the theory of faulty construction and negligence on the part of the city officials which it was alleged worked serious damage to the property of the plaintiffs. "The work of constructing gutters, drains, and sewers, is ministerial and when, as usually is the case, the undertaking is a corporate one, the corporation is responsible in a civil action for damages caused by the careless or unskillful manner of performing the work:" Dillon on Municipal Corporations, sec. 802. In Markle v. Berwick Borough, 142 Pa. 84, it was held as stated in the syllabus: "In an action against a borough to recover for injuries to property, caused by an overflow of surface water into plaintiff's cellar, there was evidence tending to show that a sewer, to take away the water, was not only imperfectly constructed originally, but negligently allowed to become clogged and out of repair: in such case, it was not error to refuse to instruct for the defendant that 'if the jury believe that the sewer was of sufficient capacity to carry off the usual fall of water . . . . . then the defendant performed its duty of construction, and the plaintiff is not entitled to recover;' for if the sewer was stopped up, or out of repair, its capacity was immaterial."

In Allentown v. Kramer, 73 Pa. 406, the Supreme Court, by

AGNEW, J., said: "that for negligence, either in the construction, or repair of public works (when repair is a duty) the corporation itself must respond in damages for a special injury caused by its negligence." Citing many authorities. That was a case not unlike the one under consideration.

In Bohan v. Avoca Borough, 154 Pa. 404, we find a case where the same principle is ruled. That was where the borough constructed gutters in a street in such a way as to cause the surface water of a large territory to be diverted from its natural flow, and precipitated on the premises of the owner whose property abutted on the street, and the property was injured, and the borough held liable in damages. We followed that case in Rohrer v. Harrisburg, 20 Pa. Superior Ct. 543. In Gift v. Reading, 3 Pa. Superior Ct. 359, we held as stated in the syllabus: "But the work of construction in accordance with adopted plans is purely ministerial; it must, therefore, like all ministerial duties be performed in a skillful and careful manner. A municipality is liable for injuries caused by negligent performance." See also 24 Am. & Eng. Ency. of Law (1st ed.), 946.

Elliott v. Oil City, 129 Pa. 570, is another case sustaining the court below in submitting the present case to the jury. Torrey v. City of Scranton, 133 Pa. 173, is to the same effect. In Briegel v. Phila., 135 Pa. 451, it was held as stated in the syllabus: "A municipal corporation, owning and holding property for public purposes, is as much subject to the usual rule, sic utere tuo ut alienum non lædas, as are private citizens, and is liable to an adjoining owner for injuries arising from a nuisance maintained upon its property." We might multiply authorities almost without limit. It cannot be questioned, at the present day, that if the defendant was guilty of a faulty construction of the street and gutter in front of the plaintiffs' premises, or failed to keep the same in reasonable repair, and damage resulted to the abutting property owner, the city must respond in damages if it had notice of the defect, or it existed so long as to amount to constructive notice, and the plaintiffs were free of contributory negligence. All of the above questions were in the present case and they were properly submitted

to the jury and we can see no ground for disturbing the judgment.

The assignments of error are all dismissed and the judgment is affirmed.